UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE PARKER,

    Plaintiff,                                 CIVIL ACTION NO. 08-13653

v.                                          DISTRICT JUDGE JOHN CORBETT O'MEARA
                                               MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record supporting the Commissioner's determination denying childhood and adult disability benefits.

\* \* \*

Claimant is an adult male who is now 47 years old. He filed applications in August 2004 for Child's Insurance Benefits (CIB), on own his behalf, and Disability Insurance Benefits (DIB), based on his work history, alleging incapacity due to a personality disorder and post traumatic stress disorder. Benefits were denied, initially and upon reconsideration, by the Social Security Administration. A requested de novo hearing was held on December 8, 2006, before Administrative Law Judge Regina Sobrino. Following the hearing, the ALJ found that the claimant was not entitled to CIB because he had failed to prove that he had been disabled prior to age 22. The Law Judge also found that the claimant was not entitled to DIB because he had retained the residual functional capacity to perform medium work that did not involve dealing with the general public, prior to September 30, 1986, when his

insured status expired. The Appeals Council declined to review that decision, and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of childhood and adult disability benefits was supported by substantial evidence on the record.

Claimant elected to proceed with the administrative hearing without representation, after being informed of his right to counsel (TR 182-183). Plaintiff testified that he had been depressed, angry, anxious and had suffered from post traumatic stress disorder prior to age 22 (TR 189-193). He stated that he joined the Army National Guard in March 1981, at age 19, and that he injured his left hand and knee while in the service (TR 177, 192). Plaintiff remained in the National Guard from 1981 through 1988 (TR 141, 151). At the time of the hearing, he was receiving SSI benefits. He had no relevant work history subsequent to his discharge from the military in 1988 (TR 185).

A neighbor, Bonnie Edwards, testified that she has known claimant since 1967 (TR 196). Ms. Edwards did not know if Plaintiff suffered from any physical impairments, but remembered that he had been "withdrawn" prior to 1986 (TR 201-202).

A Vocational Expert, Roxanne Minkus, confirmed that Plaintiff had not engaged in substantial gainful activity since 1986 (TR 206). The witness testified that, if claimant were capable of medium work, there were numerous unskilled packaging, mail clerk and machine operation jobs that he could perform with minimal vocational adjustment (TR 209). These simple, routine jobs involved occasional stooping, kneeling, crawling, squatting and kneeling, but did not require dealing with the general public (TR 209).

RELEVANT LAW

    To qualify for CIB, a claimant must be unmarried at the time of filing, be 18 years or older, and have a disability that began before age 22 years old. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a)(5) (2009). To be entitled to DIB, a claimant must have been under a disability, within the meaning of the Act, as of the date his insured status expired. 20 C.F.R. §§ 404.131(a), 404.320(b)(2).

    The law defines disability as the inability to do any substantial, gainful activity[1] by reason of a severe physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A), 20 C.F.R. §§ 404.1505(a), 416.905(a) (2009).  To meet this definition, a claimant must have a severe impairment[2] which makes it impossible to perform his previous work or any other substantial, gainful activity existing in the national economy considering his age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2009).  Plaintiff has the burden of proving that the physical or mental impairments complained of resulted from anatomical, physiological or psychological abnormalities, and that those abnormalities can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

---

[1] Substantial, gainful activity means work that involves doing significant and productive physical or mental duties, and is done for pay or profit.  20 C.F.R. § 404.1510 (2009).

[2] A severe impairment is one that significantly limits a person's ability to walk, stand, sit, lift, push, pull, reach, carry or handle objects, or interferes with the capability of understanding instructions, using judgment, responding to supervision or dealing with changes in a routine work setting.  20 C.F.R. § 404.1521 (2009).

LAW JUDGE'S DECISION

Plaintiff attained age 22 in June 1984, and was 24 years old on September 30, 1986, when his insured status expired. After finding that the claimant had never performed substantial gainful activity, the Law Judge determined that he had been impaired, prior to attaining age 22, by a personality disorder and the residuals from a left thumb injury. Those conditions, however, were not severe enough to meet or medically equal any of disability criteria found in the Listing of Impairments. The ALJ found that the claimant was not entitled to CIB because he had failed to prove that he had been totally disabled prior to age 22. The Law Judge also found that the claimant was not entitled to DIB because he had retained the residual functional capacity to perform medium work through September 30, 1986, when his insured status expired.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Once a district court acquires subject matter jurisdiction to review a final decision of the Commissioner, the court has the power to affirm, modify, reverse or remand the action. Judicial review of those decisions is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide

questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

In lieu of a Motion for Summary Judgment, Plaintiff submitted a handwritten letter claiming that he has suffered from for severe headaches, hypertension, post-traumatic stress disorder and mental depression since he was a teenager. He asserted that he was currently being treated for depression and attention deficit disorder (See Plaintiff's Letter at Docket #15).

A review of the record[3] reveals a total lack of evidence concerning Plaintiff's physical or mental condition prior to September 30, 1986 (TR 21). March 1999 records from the Veteran's Administration indicate that Plaintiff complained of mental problems at that time,

---

[3] In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 7-9) was not considered by the undersigned.

but there is no indication of significant treatment or hospitalization (TR 173). The claimant stated that he injured his left thumb in 1981 during basis training, but a medical history provided by a treating source in July 1998, disclosed that he was given limited duties for just three weeks (TR 177). Plaintiff remained an active member of the Army National Guard from 1981 to 1988, suggesting that he was physically and mentally capable of performing his military responsibilities during that time.

Given the lack of objective medical or other evidence in the record from the critical period of time prior to September 30, 1986, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his various impairments were not fully credible. I am satisfied that substantial evidence exists on the record supporting the Law Judge's decision denying childhood and adult disability benefits.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and

Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                   s/Donald A. Scheer
                                                   DONALD A. SCHEER
                                                   UNITED STATES MAGISTRATE JUDGE

DATED: May 28, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on May 28, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 28, 2009: **Lawrence Parker.**

                                                 s/Michael E. Lang
                                                 Deputy Clerk to
                                                 Magistrate Judge Donald A. Scheer
                                                 (313) 234-5217